# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE OF FLORIDA
# ORLANDO DIVISION

ADRIENNE DION MCCRAY,

           Plaintiff,                  CASE NO.: _____

      v.

TOWNSHIP OF EATONVILLE FLORIDA,
a Florida Municipal Corporation and
STANLEY MURRAY, in his official capacity
and BRODRICK R. LAMPKIN, in his
individual capacity

           Defendants.

_____/

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

      COMES NOW**,** the Plaintiff, ADRIENNE DION MCCRAY, (hereinafter "McCray", "Mrs. McCray, or "Plaintiff")**,** by and through his undersigned counsel, brings this action against Defendants, Brodrick R. Lampkin (hereinafter "Lampkin" or "Defendant") in his individual capacity, and the Township of Eatonville (hereinafter "Eatonville", "Township" or "Defendant") by and through the acts and omissions of then Chief of Police Joseph J. Jenkins (hereinafter " then Chief" or "Jenkins") and the current Chief of Police, Stanley Murray (herein collectively referred to as "Defendants"), and herein requests judgment of this Court declaring

1

unconstitutional and unlawful certain actions of Defendants, which resulted in Plaintiff being deprived of her constitutional  rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution and seeks damages from Defendants as compensation for an award of attorney's fees as authorized by law all reasonable costs of bringing this action, and for any other and further relief that this Court deems just and proper. Plaintiff, by and through the undersigned counsel, alleges as follows:

1.  This is an action brought for the unlawful deprivation of rights as accorded to Plaintiff, ADRIENNE DION MCCRAY, by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution of the United States of America, and the laws of the State of Florida. Pendent State Law claims are added as there is a common nucleus of facts

## PARTIES

2.  At all times material hereto, Plaintiff was over the age of eighteen and resided in the state of Florida and resided within the federal middle district of Florida.

3.  At all times material hereto, Defendant, Lampkin, being sued in his individual capacity as an agent of Eatonville Police Department, is a law enforcement officer employed by Eatonville Police Department, which is a department of the Township of EATONVILLE, FLORIDA. All acts alleged herein were committed during Lampkin's employment with the Eatonville Police Department.

4.  At all times material hereto, Defendant, Township EATONVILLE, FLORIDA, was and still is a municipal corporation and/or governmental entity existing under the laws of the State of Florida.

5.  At all times material hereto, Joseph J. Jenkins was the Chief of Police responsible for supervising, training, and retaining employees as well as the person with authority over the police department's policies and procedures.

## VENUE AND JURISDICTION

6.  This This is a civil action for damages within the original jurisdiction of the Court brought pursuant to 28 U.S.C. §§ 1331 and 1343(3) and (4), and within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

7.  The events giving rise to this Complaint occurred or originated in Orange County, Florida.

8.  This is an action for money damages for the injuries suffered by Plaintiff as a result of Defendants' conduct that violated the Plaintiff's civil rights, constitutional rights, and the laws of the state of Florida.

9.  This is an action brought pursuant to *42 U.S.C. §1983*, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory …subjects or causes to be subjected any citizen of the United States or other persons within the jurisdiction thereof to the deprivation of any rights privileges or immunities secured by the Constitution and laws, shall be liable to the party

injured in an action at law, suit in equity or other proper proceeding for redress.

10.   In addition, pursuant to §768.28(6)(a) *Florida Statutes*, Plaintiff has notified the Defendants of this her claims six month or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financials Services.

11.   All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law,

12.   This Court has jurisdiction over the federal claims pursuant to *28 U.S.C. §§ 1331 and 1343*. Supplemental jurisdiction is invoked over the state law claims under *28 U.S.C. § 1367*.

13.   Venue is proper in this District pursuant to *28 U.S.C. § 1391(b)*, where the events giving rise to the claims occurred within the Middle District of Florida.

## **GENERAL FACTUAL ALLEGATIONS**

14.   On or about June 9, 2020, Lampkin, along with other Officers of the Eatonville Police Department, served a search warrant at 421 East Kennedy Blvd., #117, in reference to crack cocaine being sold to confidential informants by Christopher Burke. Burke was subsequently arrested on drug related charges.

15.   According to the search warrant affidavit and the arrest report authored by LAMPKIN, on or about June 10, 2020, Burke made a jail call to Joseph Montrez Jackson, advising him that there was more evidence relating to his investigation that the police missed, inside of Burke's storage unit.

16.   Accordingly, a second search warrant was signed and executed on hotel room #117, with some evidence located related to this drug investigation.

17.   On or about June 10, 2020, Joseph Jackson was arrested by the Eatonville Police Department for the unrelated charge of driving while licensed suspended. At the time of the arrest, Jackson was inside Burke's hotel room, and LAMPKIN believed that Jackson was attempting to obtain evidence related to the drug investigation for the purpose of destroying it or concealing it from law enforcement.

18.   According to LAMPKIN's affidavit in support of search warrant and arrest report, the Jackson's property, including the keys in his possession, was released to his girlfriend, ADRIENNE DION MCCRAY, Plaintiff in the instant action.

19.   According to LAMPKIN's affidavit in support of search warrant and arrest report, Lampkin listened to multiple jail calls wherein Lampkin alleges that Jackson made jail calls to Plaintiff, asking her to use the keys given to her from his property to enter a storage unit to remove property and that Plaintiff confirmed that she had gotten the property. Lampkin further alleges that Jackson advised Plaintiff to

remove something from his center console of his vehicle, then to put those things inside the house.

20.   Mr. Jackson never instructed Ms. McCray to remove property from a storage unit. Not on the recordings.

21.   Jackson did advise Ms. McCray that the "Animal Breath" was in his car after she asked if it was ok for her to drive his vehicle:  McCray, "I was gone ask you, can I drive it?" Jackson, "I got, I got um, just take, yeah, whatcha' gone do, bring your car to your mama house and just drive my car?"  McCray, "Yeah, that's what I was gone do to keep from having to go everywhere with these bright ass lights." Jackson, "Alright, well, jus'…McCray, "I wanted to find out from you if it was good first."  Jackson, "yeah, it's good, it's just, it's just, that the um, animal breath, animal breath in there.  You can see what else is in there.  Get that out of there and put it in your car." The recording clearly states for Ms. McCray to put it in her car. Mr. Jackson is not heard on any of the recordings instructing Ms. McCray to put anything in the house.

22.   On June 11, 2020, based on the false statement contained in the preceding paragraph, Lampkin obtained a search warrant for Personal Mini Storage at 6550 Forest City Road, storage unit #3147, in the name of Christopher Burke. No evidence was found inside the storage unit. Lampkin then states that he BELIEVES that the evidence was removed from the storage unit by McCray at the

direction of Jackson, to be held, tampered with, altered and/or destroyed as Burke had directed Jackson to do before his arrest.

23.   According to LAMPKIN's affidavit in support of search warrant and arrest report, Burke and Jackson worked in concert with McCray to tamper with evidence related to the drug investigation.

24.   According to LAMPKIN's affidavit in support of search warrant and arrest report, Jackson and Plaintiff lived together at 213 Clark Street and it was Lampkin's belief that further evidence of the drug investigation was being stored at the residence or inside the vehicles of 213 Clark Street, which was occupied by Jackson and McCray and that Jackson and McCray did tamper with evidence to the case and could still now possess, alter, destroy, or move further evidence to the case.

25.   According to Lampkin's arrest report, on or about June 24, 2020, officers of the Eatonville Police Department executed a search warrant at 213 Clark Street, Plaintiff's residence. The search was completed with no evidence or items collected.

26.   At the time of the search warrant, Plaintiff was parked across the street and sitting inside her vehicle while the search was completed.

27.   With no actual evidence or probable cause that Plaintiff had committed any crime, and no arrest warrant outstanding, Plaintiff was arrested for tampering with

physical evidence. Upon arrest, the person of Plaintiff was searched, as well as her vehicle and her cell phone and key ring were taken into evidence.

28.   At no time was any evidence of the drug investigation found on Plaintiff, in the possession of Plaintiff, or in property owned or related to Plaintiff.

29.   All of the above actions by Lampkin and other officers and officials of the Eatonville Police Department and the City of Eatonville, Lampkin was employed as an officer for the Eatonville Police Department, acting as an agent for the same and in concert with other officers and officials.

30.   Subsequent to her arrest, Plaintiff was subjected to a search of her person and personal vehicle, the taking of her keys and cell phone, processing at the Eatonville Police Department, processing at the Orange County Jail, where her person was again searched, and booked into the Orange County Jail.

31.   Plaintiff was given a $5,000 bond at the Orange County Jail.

32.   Plaintiff was forced to hire defense counsel to represent her for the charge of tampering with physical evidence. Further, she will be compelled to hire counsel expunged her record as she is unable to teach with this charge on her record. She also incurred cost to retrieve her vehicle that was impounded after the illegal arrest.

33.   Defendants' actions violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the rights to be free from unreasonable search and seizure and false arrest.

34.  Furthermore, Defendant's conduct constituted violations of Florida state law, specifically false arrest and invasion of privacy.

35.  Lampkin's deliberate false statements causing MCCRAY's arrest were motivated in part by his longtime personal relationship with the Plaintiff and his disapproval of her love interest.

36.  McCRAY and LAMPKIN had a personal relationship prior to June 10, 2024. The relationship spanned approximately ten years and remained a platonic relationship at McCray's insistence as she rejected Defendant LAMPKIN's unwanted advancements.

37.  Lampkin would often question Mc CRAY regarding her choice of "love interest" and express disapproval.  However, McCRAY continued the friendship up to the date of arrest.  A month before the search and arrest of Plaintiff, Plaintiff again rejected the advances of Lampkin, and Lampkin indicated it "would be the last time".

38.  A No Information Notice was filed by the Office of the State Attorney on July 21, 2020.

39.  The Eatonville Police Department has a history of misconduct among officers who abuse authority and manipulate the judicial process by making misleading statements in official affidavit or by making material omission in the same, to manufacture probable cause to arrest and/or search.

40.   Eatonville Police Department has been put on notice about these policies and procedures which clearly violate citizens' constitutional rights and have failed to take action to rid the Department of these unconstitutional procedures.

41.   Prior to June 24, 2020, Defendant, CITY, permitted, encouraged, tolerated, and ratified a pattern of practice or custom of intentionally fabricating statements, as well as allowing officers to make arrests without probable cause.

42.   There are several instances of Police officers making false and misleading statements or material omissions in affidavits to manufacture probable cause. Specifically with Officer Broderick Lampkin, IA Report #2017-03 found that "there were discrepancies between Officer Lampkin's written report and recorded testimony when compared to the video documentation of the incident."

43.   Moreover in 2022-CF-006930-A-O, the Honorable Circuit Court Judge Robert J. Egan found that "the record supports an intentional and/ or reckless omission of a material detail" in Lampkin's affidavit supporting the search warrant.

44.   The Eatonville Police Department's (then Chief Joseph J. Jenkins') failure to supervise and train Officer Lampkin in honestly preparing affidavits for search warrants/arrest, violated Plaintiff's rights under the Fourth Amendment to be free from arrest without probable cause and to be free from having her persons and personal property searched without probable cause.

45.   The Eatonville Police Department's continued employment of Lampkin, knowing that he untruthfully adds false information to affidavits to manufacture probable cause, violated Plaintiff's rights under the Fourth Amendment to be free from arrest without probable cause and to be free from having her persons and personal property searched without probable cause.

## COUNT I: FALSE STATEMENT ON AN AFFIDAVIT LEADING TO AN UNLAWFUL SEARCH
(Plaintiff claim Against Defendant, LAMPKIN)

46.   Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.   Lampkin's actions of making false statements in a search warrant affidavit, deprived Plaintiff of her Fourth and Fourteenth Amendments to the United States Constitution to be free from a search absent probable cause.

48.   Lampkin signed and submitted a sworn affidavit in support of a search upon 213 Clark Street, Eatonville, and signed and submitted a sworn arrest affidavit for the arrest of Plaintiff.

49.   Both affidavits contained materially false statements and omissions that were knowingly and recklessly made by Lampkin and were done in an effort to fabricate probable cause for search and arrest.

50.   These false statements or omissions were material to the determination of probable cause to search the residence at 213 Clark Street and probable cause that a crime had been committed which was the basis of the arrest of Plaintiff.

51.   Lampkin alleges in his affidavit and arrest report that he listened to multiple jail calls between Jackson and Plaintiff. Among others, Lamkin alleges that Jackson asked McCray if she "went and got that", to which "she confirmed yes", however the jail calls contain none of these conversations. The actual audio recordings of the jail calls are evidence of the false statements.

52.   Lampkin further  alleges that he listened to the jail calls wherein Jackson asked Plaintiff to use the keys given to her from his property to enter the storage unit to remove property, Plaintiff confirmed she got the property and that she knew not to be riding around with said property, and that Jackson advised Plaintiff to remove something from the console of his vehicle and then to put those things inside the house. The jail calls contain none of these conversations. The actual audio recordings of the jail calls are evidence of the false statements.

53.   Lampkin alleges that no evidence was found in the storage unit when searched pursuant to his affidavit for search warrant, and that there was nothing there because the evidence was removed by Plaintiff at the direction of Jackson. The jail calls contain no conversations to support this allegation. The actual recordings of the jail calls are evidence of the false statements.

54.   The only conversations on the jails calls that allude to drugs, are when Jackson told Plaintiff that there was synthetic marijuana and blunts in the back of the car (which not subject of the search warrant and could not be search incident to arrest where that vehicle was not in Jackson's possession), for which Jackson had a medical card for and had nothing to do with the allegations against Jackson or the subject of the underlying drug investigation.

55.   Both the affidavit for search warrant signed and sworn to by Lampkin and the arrest affidavit of Plaintiff which was signed and sworn to by Lampkin contained blatant lies and material misrepresentations.

56.   As a direct and proximate result of Defendant's false statements or omissions, a search warrant was obtained and a subsequent search of the property at 213 Clark Street was completed, based upon the false statements of Lampkin.

57.   The search warrant that caused Plaintiff's personal property to be search without probable cause contained deliberate false statements that vitiate probable cause.  This violated her right to be free from unreasonable searches.

58.   That Plaintiff watched her home being searched and her personal belongings being viewed and gone through by strangers casuing personal embarrassment and distress as well as all other damages which exist to the day and are likely to occur in the future.

59.   Plaintiff has retained the undersigned counsel to bring this action under 42

U.S.C. §1983 and is entitled to recover from Defendant Lampkin a reasonable

fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take

jurisdiction of this cause and the parties to this action and enter an award of

damages against Defendant Lampkin, in his individual capacity, and to award

Plaintiff her attorney's fees and costs pursuant to 42 U.S.C. §1988 and other

applicable laws. Further, Plaintiff requests punitive damages against Defendant

Lampkin, individually, for his conduct, which would deter him and others from

such conduct in the future.

## COUNT II: VIOLATION OF 42 U.S.C. § 1983 – ARREST WITHOUT PROBABLE CAUSE
(Plaintiff claim Against Defendant, LAMPKIN)

60.   Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth

herein.

61.   Defendant's actions in arresting Plaintiff without probable cause violated

Plaintiff's rights under the Fourth and Fourteenth Amendments to the United

States Constitution.

62.   Plaintiff has the right under the United States Constitution to be secure from unlawful arrest under the Fourth and Fourteenth Amendments to the United States Constitution.

63.   Lampkin signed and submitted a sworn arrest affidavit for the arrest of Plaintiff.

64.   The affidavit contained materially false statements and omissions that were knowingly and recklessly made by Lampkin and were done in an effort to fabricate probable cause to search and arrest.

65.   These false statements or omissions were material to probable cause that a crime had been committed which was the basis of the Plaintiff's arrest.

66.   Lampkin alleges in his affidavit and arrest report that he listened to multiple jail calls between Jackson and Plaintiff. Among others, Lamkin alleges that Jackson asked McCray if she "went and got that", to which "she confirmed yes", however the jail calls contain none of these conversations. The actual recordings of the jail calls are evidence of the false statements of Lampkin.

67.   Lampkin further alleges that he listened to the jail calls wherein Jackson asked Plaintiff to use the keys given to her from his property to enter the storage unit to remove property, Plaintiff confirmed she got the property and that she knew not to be riding around with said property, and that Jackson advised Plaintiff to remove something from the console of his vehicle and then to put those things

inside the house. The jail calls contain none of these conversations. The actual recordings of the jail calls are evidence of the false statements of Lampkin.

68.    Lampkin alleges that no evidence was found in the storage unit when searched pursuant to his affidavit for search warrant, and that there was nothing there because the evidence was removed by Plaintiff at the direction of Jackson. The jail calls contain no conversations to support this allegation. The actual audio recording of the jail calls are evidence of the false statements of Lampkin.

69.    The arrest affidavit signed and sworn to by Lampkin contained blatant lies and was submitted in retaliation of rebuffed love advances.  There was no probable cause or arguable probable cause to arrest ADRIENNE DION MCCRAY.

70.    As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, future hiring of counsel to expunge her record, towing of her vehicle, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

71.    Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant Lampkin a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant Lampkin, in his individual capacity, and to award Plaintiff her attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws. Further, Plaintiff requests punitive damages against Defendant Lampkin, individually, for his conduct, which would deter him and others from such conduct in the future.

## COUNT III
## 42 U.S.C. § 1983 & 1988
## FAILURE TO TRAIN AND SUPERVISE AND NEGLIGENT RETENTION
(Plaintiff Claim Against Defendants TOWNSHIP OF EATONVILLE, FLORIDA, and Chief Stanley Murray, in his official capacity as CHIEF of POLICE for Eatonville, Florida Police Department)[1]

72.    This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant TOWNSHIP OF EATONVILLE, FLORIDA and CHIEF OF EATONVILLE POLICE DEPARTMENT, Stanley Murray.

73.    Plaintiff, Adrienne McCray realleges the allegations contained in paragraphs 1 through 45 above, as if fully set forth therein.

74.    Plaintiff has a right under the United States Constitution to be free and secure from unlawful search and unlawful restraint of his person and liberty, which

---

[1] During all times material, Joseph J. Jenkins was the Chief of Police for the Township of Eatonville, Florida and was responsible for the training, supervision, hiring and retention of officers.

may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

75.  Plaintiff has the right to be free from violations of his constitutional rights, and to be free from having a police officer seek probable cause to arrest and search Plaintiff's personal property based on fabricated facts.

76.  On or about June 24, 2020, Joseph J. Jenkins, then police chief, through his employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Adrienne McCray of her rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause, alleged that Adrienne McCray had committed a violation of law, which caused a search warrant to be issue for the search of her home, and caused her to be unlawfully arrested and have her persons and vehicle searched; depriving Ms. Adrienne McCray of her liberty.

77.  That the Township and then Chief Joseph J. Jenkins knew that there was a need to train and supervise officers with respect to truthfully preparing affidavits for search warrants and affidavits containing probable cause to arrest.  Equally, the CHIEF knew that several officers employed at the time would abuse and use their authority to effectuate personal gains.

78.  In failing to supervise and train officers to prevent the actions complained of above, Chief Joseph J. Jenkins created and enforced an implied policy that

fostered procedures that allowed individual officer to file affidavits containing blatant misstatements of fact or material omissions that affected probable cause determinations.

79.   That then Chief Joseph J. Jenkins knew with respect to Officer Lampkin, that he had authored affidavits in the past that contained material misstatements or material omissions that obviated probable cause, *see IA Report #2017-03*, but negligently retained Officer Lampkin's employment.

80.   The TOWNSHIP permitted, encouraged, tolerated, ratified a pattern of practice, and administrated a custom to permit officers, including Defendant LAMPKIN and to engage in misconduct and violate the Constitutional rights of citizens, as well as make arrests without probable cause and to have search warrants issue without probable cause.

81.   The TOWNSHIP permitted, encouraged, tolerated, ratified a pattern of practice, and administrated a custom to permit officers, including Defendant LAMPKIN and to engage in misconduct and violate the Constitutional rights of citizens, as well as make arrests based on false and fabricated statements and to have search warrants issue based on the same.

82.   As a result, Adrienne McCray was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of

these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

83.   Defendant City of EATONVILLE, FLORIDA, by and through the CHIEF OF POLICE for Eatonville, Florida, and through his employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff.

84.   Defendant, Township of Eatonville, knew or should have known that their actions would deprive Plaintiff of his constitutional rights but proceeded with their unlawful actions with the willful disregard for the consequences of their actions.

85.   Defendant Township of Eatonville, by and through its then Chief of police Joseph J. Jenkins, is responsible for the acts of his police officers.

86.   The actions of the Defendant, Township of Eatonville and Defendant Officer Broderick Lampkin and other officers effectuating this policy and procedure were done under the color of law.

87.   As a direct result of the Township of Eatonville's, by and through then Chief Joseph J. Jenkins's failure to train and supervise his officers, and negligently retaining the employment of Defendant Lampkin, Plaintiff has suffered damages including but not limited to, damage suffered to his reputation and

all other damages associated with Plaintiff's unlawful search and arrest without probable cause, which exist to this day, and which is likely to continue into the future.

88.   Plaintiff has also suffered damages as a result of his Fourth and Fourteenth Amendment rights being violated.

89.   Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover from Defendant Chief Joseph J. Jenkins a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff, Adrienne McCray, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Chief Joseph J. Jenkins, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## COUNT IV
## 42 U.S.C. § 1983 & 1988
## DELIBERATE INDIFFERENCE
(Plaintiff Claim Against Defendants TOWNSHIP OF EATONVILLE, FLORIDA, and Chief Stanley Murray, in his official capacity as CHIEF of POLICE for Eatonville, Florida Police Department)

90.   This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant TOWNSHIP OF EATONVILLE, FLORIDA and CHIEF OF EATONVILLE POLICE DEPARTMENT, Stanley Murray.

91.    Plaintiff, Adrienne McCray realleges the allegations contained in paragraphs 1 through 45 above, as if fully set forth therein.

92.    Plaintiff has a right under the United States Constitution to be free and secure from unlawful search and unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

93.    Plaintiff has the right to be free from violations of his constitutional rights, and to be free from having a police officer seek probable cause to arrest and search Plaintiff's personal property based on fabricated facts.

94.    On or about June 24, 2020, Joseph J. Jenkins, then police chief, through his employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Adrienne McCray of her rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause, alleged that Adrienne McCray had committed a violation of law, which caused a search warrant to be issue for the search of her home, and caused her to be unlawfully arrested and have her persons and vehicle searched; depriving Ms. Adrienne McCray of her liberty.

95.    That the Township and then Chief Joseph J. Jenkins knew that several officers employed at the time had abused and use their authority to effectuate personal

gains and had submitted affidavits knowing them to be untruthful to effectuate arrests and searches without probable cause.

96.   That Defendants turned a blind eye to this practice although Defendants were placed on notice based on several internal affairs investigations and citizen's complaints regarding this practice and procedure.

97.   That then Chief Joseph J. Jenkins knew with respect to Officer Lampkin, that he had authored affidavits in the past that contained material misstatements or material omissions that obviated probable cause, *see IA Report #2017-03*, but negligently retained Officer Lampkin's employment.

98.   The TOWNSHIP permitted, encouraged, tolerated, ratified a pattern of practice, and administrated a custom to permit officers, including Defendant LAMPKIN and to engage in misconduct and violate the Constitutional rights of citizens, as well as make arrests without probable cause and to have search warrants issue without probable cause.

99.   That the TOWNSHIP, through then Chief of Police Jenkins, demonstrated deliberate indifference to the widespread police misconduct permeating the department and failed to correct the actions of its' employees.

100.  The TOWNSHIP permitted, encouraged, tolerated, ratified a pattern of practice, and administrated a custom to permit officers, including Defendant LAMPKIN and to engage in misconduct and violate the Constitutional rights

of citizens, as well as make arrests based on false and fabricated statements and to have search warrants issue based on the same, knowing the consequences of the failure to act.

101. As a result, Adrienne McCray was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

102. Defendant City of EATONVILLE, FLORIDA, by and through the CHIEF OF POLICE for Eatonville, Florida, and through his employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff.

103. Defendant, Township of Eatonville, knew or should have known that their actions would deprive Plaintiff of his constitutional rights but proceeded with their unlawful actions with the willful disregard for the consequences of their actions.

104. Defendant Township of Eatonville, by and through its then Chief of police Joseph J. Jenkins, is responsible for the acts of his police officers.

105. The actions of the Defendant, Township of Eatonville and Defendant Officer Broderick Lampkin and other officers effectuating this policy and procedure were done under the color of law.

106. As a direct result of the Township of Eatonville's, by and through then Chief Joseph J. Jenkins's failure to train and supervise his officers, and negligently retaining the employment of Defendant Lampkin, Plaintiff has suffered damages including but not limited to, damage suffered to his reputation and all other damages associated with Plaintiff's unlawful search and arrest without probable cause, which exist to this day, and which is likely to continue into the future.

107. Plaintiff has also suffered damages as a result of his Fourth and Fourteenth Amendment rights being violated.

108. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. § 1983 and is entitled to recover from Defendant Chief Joseph J. Jenkins a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff, Adrienne McCray, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Chief Joseph J. Jenkins, and to award Plaintiff his attorney's fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

[Remainder of Page Blank for Formatting Purposes]

## COUNT V: INVASION OF PRIVACY UNDER FLORIDA STATE LAW
### (Plaintiff claim Against Defendant, LAMPKIN)

109. Plaintiff incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

110. Defendant's actions in making materially false statements in the signed and sworn search warrant affidavit and arrest affidavit, constituted an invasion of Plaintiff's privacy under Florida state law.

111. Lampkin intentionally and maliciously intruded into the private affairs and seclusion of Plaintiff without just cause to do so by having her property searched based on a search issued on an affidavit containing false statements to establish probable cause.

112. The ADRIENNE DION MCCRAY had a privacy interest in 213 Clark Street, Eatonville, Florida.  Officers of the Eatonville Police Department entered said address and search Plaintiff's home and her personal belongings.

113. The search was offensive to a reasonable person where it was based on knowing and malicious fabricated facts.  Also the Defendant was motivated by personal reasons in causing the search to occur.

114. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, towing of her vehicle, personal

embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## COUNT VI: FALSE IMPRISONMENT/FALSE ARREST UNDER FLORDA STATUTE § 787.02(2)
(Plaintiff claim Against Defendant, LAMPKIN)

115. Plaintiff incorporates by reference paragraphs 1 through 45, as if fully set forth herein.

116. Defendant's actions constituted false imprisonment and were a violation of Fla. Stat. §§ 901.15 and 901.151.

117. No probable cause existed for the arrest of Plaintiff and no arrest warrant was outstanding.

118. The arrest affidavit signed and sworn to by Lampkin was comprised of materially false statements made in an effort to fabricate probable caused to arrest.

119. Defendant Lampkin maliciously included false and misleading facts to cause Plaintiff to be arrested where no probable cause existed for her arrest. No evidence existed that any crime had been committed by Plaintiff, yet plaintiff

was placed under arrest and into the custody of the Orange County Jail, based upon false statements and no physical evidence of the allegations.

120. That the criminal proceeding based upon the arrest was terminated in the PLAINTIFF'S favor, where the Office of the State Attorney filed a "no information" on July 21, 2020 (less than one month following the arrest), finding that the matter was not fit file formal charges.

121. That there was an absence of probable cause for the initiation of criminal charges against the PLAINTIFF no probable cause could be found but for the false statements made by DEFENDANT.

122. PLAINTIFF avers that LAMPKIN breached a duty of care owed to McCRAY, so as not to deprive her of her personal liberty, by intentionally causing the Plaintiff to be unlawfully arrested without probable cause in violation of Fla. Stat. §§ 901.15 and 901.151.

123. PLAINTIFF avers that the LAMPKIN is liable to her for false arrest

124. As a direct and proximate result of Defendant's actions, Plaintiff suffered injuries and damages, including but not limited to the costs associated with her arrest, payment of bond, hiring of counsel for defense of the charge, hiring of counsel associated with expungement, towing of her vehicle, personal embarrassment and distress, and any and all other damages that exist now or may exist in the future.

WHEREFORE, the PLAINTIFF demands judgment for damages against Defendant including exemplary damages, cost of this action, and such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a trial by jury of all issues so triable.

Dated this 24th day of June, 2024.

**Haynes Law, P.A.**

_/s/ Carlus Haynes_

**CARLUS HAYNES, ESQUIRE**
Florida Bar Number: 0935611
champ@fighting4ulaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24, 2024, I e-filed the foregoing (29 pg. including signature page) Complaint with the Clerk of the Court for Middle District of Florida via CM/ECF and will have summons served on all Defendants in due course.

**Haynes Law, P.A.**

_/s/ Carlus Haynes_

CARLUS HAYNES, ESQUIRE
Florida Bar Number: 0935611
8615 Commodity Circle, Unit 6
Orlando, FL 32819
Telephone: (407) 246-0077
Facsimile: (407) 246-0078
champ@fighting4ulaw.com
Attorney for PLAINTIFF