UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADRIENNE D. MCCRAY,

    Plaintiff,

v.   Case No: 6:24-cv-1152-JSS-RMN

BRODERICK LAMPKIN,
TOWNSHIP OF EATONVILLE,
FLORIDA, and STANLEY MURRAY,

    Defendants.
_____/

**ORDER**

Because Plaintiff did not serve Defendant Township of Eatonville, Florida, within the ninety days allowed by Federal Rule of Civil Procedure 4(m) or as further extended by the court, the court ordered Plaintiff to show cause why the claims against the Township should not be dismissed under that rule. (Dkt. 16.) *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

In response, Plaintiff's counsel, Carlus L. Haynes, explained that service on the Township had not been perfected because he held an "errant assumption" about service, "lack[s] . . . experience in filing and litigating federal lawsuits," and is

"searching for an experienced civil[-]litigation paralegal . . . to assist with [an] inherited caseload." (Dkt. 25 ¶¶ 4, 6–7 (emphasis omitted).) Plaintiff's counsel further stated that contemporaneously with his response, he was filing affidavits showing timely service on the other Defendants and that "[w]here the process server served the summons for the Township" on another Defendant, "counsel w[ould] either seek permission to voluntarily dismiss the Township or amend the complaint to omit the Township." (*Id.* ¶ 8.) Since the response to the show-cause order, the Township has still not been served, and Plaintiff has not sought such voluntary dismissal or amendment.

"Rule 4(m) grants discretion to the district court" including discretion "to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). For Rule 4(m) purposes, "[g]ood cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quotation omitted). "[W]hen a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Id.* at 1282. "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*  Such factors include, for example, whether a "statute of limitations would bar the refiled action,"

whether "the defendant is evading service," and whether "a defect in attempted service" is being "conceal[ed]." *Id.* (quotation omitted). "Although the running of the statute of limitations . . . does not require that [a] district court extend time for service of process under Rule 4(m), it [i]s incumbent upon [a] district court to at least consider th[e] factor." *Id.*

The response to the show-cause order does not establish good cause for the failure to serve the Township. (*See* Dkt. 25.) It demonstrates "inadvertence or negligence" and thus not good cause. *See Lepone-Dempsey*, 476 F.3d at 1281; *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009); *Bilal v. Geo Care, LLC*, 981 F.3d 903, 919 (11th Cir. 2020). Accordingly, the court considers whether other factors warrant an extension of time to serve. *See Lepone-Dempsey*, 476 F.3d at 1282; *Rance*, 583 F.3d at 1286; *Bilal*, 981 F.3d at 919. Upon consideration of the facts of this case, the court concludes that an extension of sixty days is warranted.

Although the court has no basis to conclude that the Township has evaded service or that a defect in attempted service has been concealed, the statute of limitations counsels in favor of an extension rather than a dismissal. Plaintiff initiated this action in this court on June 24, 2024, (Dkt. 1 at 29), alleging that she was subjected to unreasonable search and seizure in Florida on June 24, 2020, (*id.* ¶¶ 25, 41, 76, 94). She brings claims against the Township under 42 U.S.C. § 1983 for failure to train and deliberate indifference related to Fourth and Fourteenth Amendment violations. (Dkt. 1 ¶¶ 72–108.) The limitations period for Plaintiff's claims against the Township is four years because "[s]ection 1983 claims are governed by the forum state's residual

personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). Because the statute of limitations, if asserted, would likely bar Plaintiff from refiling her claims against the Township, the court gives Plaintiff an additional sixty days from the date of this order to serve the Township.

Accordingly:

1. The order to show cause (Dkt. 16) is **DISCHARGED**.
2. Plaintiff shall serve the Township within sixty days from the date of this order.

**ORDERED** in Orlando, Florida, on October 17, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties